# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JOSHUA BOWENS**
**DOC # R38019**,

    Plaintiff,

v.                                                              Case No. 3:22-cv-3003-LC/HTC

**OFFICER GREENE, ET AL.**,

    Defendants.

_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NEW WITNESSES OR CONDUCT DEPOSITIONS OF PLAINTIFF'S NEW WITNESSES

    **Greene** ("Defendant"), through counsel, hereby moves to strike Plaintiff's newly named witnesses or to conduct depositions of the witnesses if not stricken, and allege the following in support thereof:

## STATEMENT OF THE FACTS

1.    On August 16, 2023, this Court issued a Report and Recommendation granting Defendant's Motion for Summary Judge in part and denying the Motion in part. (Doc. 55).

2.    On September 14, 2023, this Court's Report and Recommendation was adopted. (Doc. 56).

1

3. Based on the adoption of the outstanding Report and Recommendation, this Court Ordered Plaintiff to file his Pre-Trial Narrative, Exhibits, and Witness List. (Doc. 57).

4. On October 6, 2023, Plaintiff filed his Pre-Trial Narrative, Exhibit List, and Witness List. (Doc. 60).

5. Included within Plaintiff's Witness List are four newly named inmate witnesses that had never been mentioned before the filing of Plaintiff's Witness List. The new witnesses are: Aloysius Chisholm, DC# 122108, Dillon Gresham, DC# U39504, Tremain Haggins, DC# M79710, and Richard Moore, DC# 103604.

6. Previously, Plaintiff had provided a list of five inmates he wished to call, and Defendant deposed each of the witnesses during Discovery after leave was granted by this Court. *See* (Docs. 39, 41, 42). Defendant also deposed Plaintiff's attacker who had not been named by Plaintiff. *See* (Doc. 41).

7. Prior to the filing of Plaintiff's outstanding Witness List, there was no mention of the newly listed witnesses.

## MEMORANDUM OF LAW

Defendant has been prejudiced by the inclusion of the newly listed inmate witnesses included on Plaintiff's Witness List. Defendant has been caught by surprise based on the newly listed names as none of the new witnesses are

mentioned on any document obtained through Discovery or any document Defendant obtained from the Florida Department of Corrections. At this point, Defendant has no ability to obtain the testimony of Plaintiff's witnesses prior to trial and had Plaintiff provided the names of the witnesses during Discovery, Defendant would have deposed the witnesses.

Additionally, Defendant sent Plaintiff a Request for Production during Discovery that was for "Any and all statements in Plaintiff's possession, written, recorded, or otherwise, from witnesses, including from Plaintiff himself, which supports or is contrary to his case." (Defendant's Exhibit A). Plaintiff provided a Response to the information which included alleged written statements from the witnesses, but did not provide it during Discovery, and only after Defendant reminded Plaintiff of his continuing obligation to update Discovery. As a result, Defendant is prejudiced by being unable to conduct the depositions of Plaintiff's newly listed witnesses.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that Plaintiff's newly named witnesses be stricken or that Defendant be given leave to conduct depositions of the newly named witnesses.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Motion to Strike newly named Witnesses or to Depose newly named Witnesses* was e-filed electronically and served electronically on Plaintiff's counsel of record through CM/ECF on November 7, 2023.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion totals **246** words and that the Supporting Memoranda required by N.D. Fla. Loc. R. 7.1(F) contains **216** words, totaling **462** words, not exceeding 8,000, total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that undersigned counsel has conferred with Plaintiff's counsel of record pursuant to N.D. Local Rule 7.1(B) prior to the filing of this Motion. Plaintiff's counsel indicated that Plaintiff objects to the relief requested in this Motion.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Office of the Attorney General